DANIEL COMSTOCK and another *v.* JEAN CRÉON.

A *fieri facias* may be issued while a debtor is imprisoned, or within the limits under a *capias ad satisfaciendum.*

To preserve his recourse upon the surety in a bond to keep the prison bounds, the plaintiff must so conduct his proceedings as to be at all times able to subrogate the former, to all his rights and privileges against the debtor.

A debtor, arrested on a *capias ad satisfaciendum,* having given security to keep the prison limits, the plaintiff, on discovering property, took out a *fieri facias,* and seized it, whereupon, the debtor made a voluntary surrender for the benefit of his creditors, which was accepted by the judge, and on the same day broke the limits; when, all proceedings having been arrested, the *fieri facias* was returned; on the opposition of plaintiff, the surrender was rejected; and the latter, having abandoned his *fieri facias,* sued the security on his bond: *Held,* that the *fieri facias* was legally issued, and gave a lien on the property; that the surrender having been set aside, the plaintiff might have proceeded to make his money; and that by neglecting to do so, the surety was released.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. A suit having been commenced against the defendant on two

separate bonds, for the prison limits, the actions were consolidated, by consent, in the court below.

*Eggleston,* for the plaintiffs. 1. The debtor is bound, at his peril, to keep within the limits; in case he breaks them, his surety must suffer. 1 Moreau's Dig. p. 572, sec. 13. 8 Mart. N. S. 108. 7 Johnson, 168. 2. There is no proof that the debtor returned within the limits, *before* the suit against the surety; but the establishment of the fact, would not discharge the latter. 1 Moreau's Dig., p. 572, sec. 13. *Tillman* v. *Lansing,* 4 Johnson, 45. *Dash* v. *Van Kleeck,* 7 Ib. 479. 9 Ib. 234. 3. The debtor had no right to leave the limits, before the homologation of the deliberations of the creditors. 1 Moreau's Dig. pp. 568–9, secs. 4, 5, 6. 4. The *alias fieri facias* did not operate a release, of any advantage acquired under the *capias ad satisfaciendum.* *Elliott* v. *Cox,* 5 Mart. N. S. 286. The plaintiffs acquired no rights by the *alias fieri facias.* *Hanna* v. *His Creditors,* 12 Mart. 32. 5. The principal debtor alone, could complain of any irregularity in issuing the *alias fieri facias.* 13 Johnson, 529. 6. Where the execution of a *fieri facias* is countermanded, no lien is acquired. *Hanna* v. *His Creditors,* 12 Mart. 32.

*Bodin,* for the appellant. The plaintiffs cannot allege the nullity of an execution, taken out by themselves.

GARLAND, J.* The plaintiffs having obtained, in the City Court of New Orleans, two judgments against John Bertrand, issued executions on them, which being returned *nulla bona,* writs of *capias ad satisfaciendum* were taken out, and Bertrand arrested. He gave two bonds to keep within the prison limits, on which the defendant became his security. After these bonds were given, the plaintiffs again issued writs of *fieri facias,* and had the property of Bertrand seized, and advertised for sale, he still being within the prison limits; whereupon, he made a voluntary surrender of his property, which was accepted by the judge, for the benefit of all the creditors, and the same day Bertrand went beyond the prison limits, whereby the plaintiffs aver, that the bonds are forfeited, and the security liable. By this surrender all proceedings against the person and property of Bertrand were arrested, and the last writs of

---

*MORPHY, J., having been of counsel in this case, did not sit on its trial.

*fieri facias* were returned into court. The plaintiffs made opposition to the surrender offered by Bertrand, and finally had it rejected, upon the ground that a debtor within the prison limits, or in actual custody, cannot make a voluntary surrender, but must proceed under the act of 1808 to obtain relief. They then abandoned their last executions, and sued the defendant on the bonds. They had a judgment in the court below, from which the defendant has appealed.

In this court, the plaintiffs contend, that their issuing the two executions after · Bertrand was in custody, was irregular and illegal, and did not set aside the *capias ad satisfaciendum,* under which he was confined. The defendant alleges, that the taking out of those executions was an abandonment of the writ of *capias ad satisfa· ·ciendum,* and that he is discharged.

The plaintiffs complain, with rather poor grace, of the illegality of their own acts, while they endeavor, at the same time, to make a security suffer by them. They had their executions out, a seizure made, and consequently a lien upon the property seized. This forced a surrender ; they opposed it ; had it rejected ; then abandoned their executions,* seizure, and lien, and attacked the security on the bonds.

We are of opinion that the last executions were not illegally issued ; and that as the surrender was rejected, the plaintiffs might have proceeded with their seizure, and have made their money, and thereby released Bertrand from custody, and the defendant from responsibility. The plaintiffs should, in their proceedings, have so conducted themselves, as to have been at any time able to subrogate the defendant to all their rights and privileges against

---

* The petitions in the two actions, subsequently consolidated in the lower court, were filed on the 22d of August, 1839. The order of the District Court of the First District, accepting the surrender of Bertrand, was made on the 10th of July preceding. The opposition of the plaintiff, was filed on the 22d of the same month; and had not been tried at the institution of the suits, on the 22d of August, but the judgment rescinding the order of the 10th. of July, and rejecting the application of the insolvent, was rendered before the trial of the consolidated cases against the surety, which took place on the 20th of March, 1840. It was admitted, that the debtor· had returned within the limits *at the time of the trial* of the cases against the surety; but no proof was adduced to show, that he had returned before the institution of the suits.

Bertrand, had he, (Créon,) paid the debts. They have failed to do this, because by abandoning their executions, and seizure, they are unable to transfer to him all the rights they possessed; whereby, we think, the security is released.

The judgment of the Commercial Court is therefore reversed, and a judgment given in favor of the defendant, with costs in both courts.