# Richmond.

## RUNKLE v. RUNKLE.

### NOVEMBER 22, 1900.

#### Absent, Phlegar, J.*

1. FRAUDULENT CONVEYANCES—*Husband and Wife—Presumption Against Wife.*—In a contest between a wife and the creditors of her husband as to the validity of a transfer of property from the husband to the wife, the presumption is in favor of the creditors, and the burden is on the wife to establish by clear and satisfactory evidence the *bona fides* of the transaction.

2. TRUSTS AND TRUSTEES—*Secured Creditor May Assail Other Secured Debts.*—A creditor secured by a deed of trust, while claiming under the deed, may, nevertheless, assail the validity of other debts secured in the same deed. His attitude as purchaser does not impair his right as creditor to assail such debts as fraudulent or otherwise void.

3. CONTINGENT DOWER—*Excessive Valuation Set Aside—Rights of Wife— Case in Judgment.*—If a sum secured to a wife in consideration of a release of her contingent right of dower be set aside as excessive, she will be restored, if practicable, to her former rights. In the case in judgment, the husband has died, and the sum secured to the wife is not in excess of her dower, and will be allowed to stand.

Appeal from a decree pronounced by the Circuit Court of Augusta county June 1, 1899, in a suit in chancery, wherein the appellee, Jacob Runkle's administrator, was the complainant, and the appellant and others were the defendants.

*Affirmed.*

---

*This case was argued and submitted before Judge Phlegar qualified.

The opinion states the case.

*A. C. Braxton, Charles Curry* and *Hurst Glenn,* for the appellant.

*J. M. Quarles* and *J. M. Perry,* for the appellee.

HARRISON, J., delivered the opinion of the court.

On the 16th day of November, 1895, David Runkle and Mary A., his wife, conveyed to a trustee certain real estate and personal property to secure three classes of creditors. On the 2d day of June, 1896, the administrator of Jacob Runkle, one of the creditors secured in the third class, filed his bill alleging that the deed of trust was executed by David Runkle for the purpose of hindering, delaying and defrauding his creditors, and especially for the purpose of defrauding the estate of his intestate, in this, that certain debts secured by said deed were without consideration, and inserted therein for the purpose of defeating the just claim of the complainant. The prayer of the bill was that the deed of trust might be set aside as to the voluntary debts secured thereby; that the whole subject be administered under the direction of the court, and that the fund arising under said deed of trust be applied to the debts of complainant and the other just debts of the grantor. The Circuit Court eliminated from the deed of trust a certain debt secured in the second class to Mary A. Runkle, the wife of the grantor, and declared the deed in all other respects valid.

The burden of proof was on the wife to show by clear and satisfactory evidence the *bona fides* of the alleged transaction between her husband and herself. In a contest between the wife and creditors of her husband, this is the established rule of evidence. In all such cases, the presumptions are in favor of the creditors, and not in favor of the title of the wife. *Spence* v. *Repass,* 94 Va. 716. In the case at bar, the appellee failed to

establish her claim in the clear and satisfactory manner that is required. The evidence is wholly insufficient to support the transaction, and there was no error in declaring it to be null and void as to the other creditors secured in the deed of trust.

The learned counsel for the appellant has contended with much force that a creditor, while asserting his rights as a beneficiary under a deed of trust given by his debtor to secure him and others, cannot at the same time attack the validity of another debt secured in the same deed. That the rights of a beneficiary under a deed of trust to secure debts are not the rights of creditors, but of purchasers, and when a creditor accepts the benefit of a trust deed, given by his debtor to secure the payment of his debt, he thereby (at least to the extent of all the property covered by the trust deed) voluntarily lays down and surrenders all of his rights as creditor, and takes in lieu of them his rights as purchaser. The argument is that a debtor cannot be compelled to convey any part of his property in trust for his creditor, and, inasmuch as a court cannot compel the execution of a trust deed, it cannot enlarge the operations of a trust, voluntarily executed, so as to make it secure any beneciary thereunder a larger interest than the grantor intended he should have; that if the grantor chooses to charge his land primarily with other debts, whether voluntarily, fraudulent, or *bona fide*, it is then for the creditor to say whether he will accept the security subject to the burdens, or will reject it, and rely upon the rights which the law gives him as creditor.

It is true that the Virginia decisions speak of creditors as purchasers, and for many purposes they are so treated. Generally, the question is whether they are affected with notice of the fraud alleged, or their rights are affected by prior equities, but we have never understood that this doctrine had gone to the extent of holding that, where a creditor took a deed of trust to secure his debt, it changed his character of creditor into the less advantageous attitude of purchaser. This theory is not con-

Opinion.

sistent with the course of the Virginia decisions. It seems to find some countenance in *Tate* v. *Liggat*, 2 Leigh, 84, though it is not clear that the question was necessarily involved in that case. However that may be, the view therein expressed was emphatically discountenanced by Judge Tucker in *Watts* v. *Kinney*, 3 Leigh, 293, wherein he speaks of it "as an argument which rests upon a supposed decision of this court in *Tate* v. *Liggat*"; and again, referring to the same subject, says, "the principle is not settled by that case." At all events, that principle does not appear to have been followed by any subsequent case. On the contrary, the uniform practice in Virginia, as shown by the decisions, has been an unquestioned recognition of the right of one creditor in a deed of trust to attack and have eliminated any debt thereby secured which could be shown to be fraudulent or void. An examination of the record in the recent case of *Craig* v. *Hoge*, 95 Va. 275, will show that the creditor attacking the validity of certain debts secured by the deed, then in question, was at the same time asserting his rights under the deed. In that case it was held that the effect of adjudging any debt to be invalid, or void, on the ground of fraud or for other cause, or of setting aside the deed as to a particular debt, would simply be to eliminate such debt from the deed, and leave the deed to stand just as if such debt had never been inserted in it, thereby enlarging the rights of the just creditors by increasing the fund applicable to their debts beyond the limits prescribed by the grantor in the deed of trust. See, also, *Moore* v. *Ulman*, 80 Va. 307; *Armstrong, Cator & Co.* v. *Lachman*, 84 Va. 726; *Keagy* v. *Trout*, 85 Va. 390; *Paul* v. *Baugh*, 85 Va. 955. In these cases, and there are doubtless others of like significance, the attack was made upon the validity of certain debts secured in the deed of trust, by creditors who were at the same time asserting their rights as beneficiaries under the deed, and no question was raised as to their right to do so. That the bench and bar of the State have for years recognized, without question, the right of one creditor

secured in a deed of trust to attack as invalid another debt secured in the same deed, while at the same time claiming as beneficiary under such deed, raises a strong presumption that the right to do so is well founded. To deny the right would encourage fraud. It would enable the debtor to secure in the same deed with his *bona fide* creditors, a fictitious debt designed to cover part of his property for his own benefit. However flagrant the fraud might be, the *bona fide* creditor, in order to realize anything, must remain silent, for he could only expose the wrong by renouncing the deed entirely; the result of which would be to enlarge the fund for the security of others, and exclude himself from all participation in the same until every other creditor secured under the deed was satisfied.

We hold, therefore, that the attitude of purchaser, assumed by a creditor whose debt is secured by deed of trust, does not impair the right of such creditor to attack as fraudulent, or otherwise void, any other debt secured by the same deed. This is not claiming against the deed, but merely purging the deed of its vice, a practice that should be commended rather than condemned.

By way of cross-error, it is suggested on behalf of the appellee that the $600 secured to Mary A. Runkle, in consideration of her release of dower rights, is excessive, and should be reduced. If this allowance were set aside as excessive, Mrs. Runkle would, if practicable, be restored to her former rights. The land in which she released her contingent right of dower has not been sold. Since the deed was executed, the grantor has died. If, therefore, the allowance for dower, made in the deed, was set aside, Mrs. Runkle would be entitled to a vested right of dower in the land, and this is shown by the record to be worth more than the allowance. No injustice, therefore, is done the creditors by allowing the deed in that respect to stand.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*