## Richmond.

LEE AND SNEED, SURVIVORS, v. WILLIS AND OTHERS.

February 5, 1903.

Absent, Whittle, J.

1. APPEAL AND ERROR—*Commissioner's Report—Exceptions.*—Upon an appeal from a decree reciting the filing of a commissioner's report and the taking of exceptions thereto, the overruling of the exceptions and the confirmation of the report, the fact that the exceptions referred to in the decree are not in the record is immaterial if the matter is otherwise put in issue by the pleadings. Where the questions at issue are presented by the pleadings and proofs, no exception to the commissioner's report is necessary to raise them for adjudication, and the absence of such exception does not preclude this court from examining into the case upon its merits.

2. FRAUDULENT CONVEYANCES—*Husband and Wife—Presumption Against Wife—Case in Judgment.*—In a contest between a wife and the creditors of her husband as to the validity of a transfer of property from the husband to the wife, the presumption is in favor of the creditors, and the burden is on the wife to establish by clear and satisfactory evidence the *bona fides* of the transaction. In the case in judgment the consideration for the settlement made by the husband on the wife is sought to be established by *ex-parte* settlements of the husband as guardian of a ward, a part of whose estate the wife inherited, and the record, in its present condition, does not disclose facts sufficient to overcome the presumption against the wife, but renders it proper that the cause should be remanded for further evidence.

Appeal from a decree of the Circuit Court of Franklin county pronounced December 17, 1900, in a suit in chancery, wherein

the appellants were the complainants, and the appellees were
the defendants.

*Reversed.*

The opinion states the case.

*Samuel A. Anderson,* for the appellants.

*Dillard & Lee,* for the appellees.

KEITH, P., delivered the opinion of the court.

This case is before us upon an appeal from a decree of the
Circuit Court of Franklin county rendered in a suit filed by
certain of the judgment creditors of S. B. Willis for the pur-
pose of setting aside a deed from him to Thomas C. Greer,
trustee for the benefit of his wife, Sarah Willis, in which the
consideration set out "is the sum of $2,500, money heretofore
loaned and advanced by her." The bill alleges that at the time
this deed was made Willis was not indebted to his wife in any
sum whatever, and that the deed was executed with intent to
hinder, delay and defraud the creditors of the grantor.

Willis and wife filed separate answers in which the fraud is
denied. They state the circumstances which induced, and, as
they claim, vindicate the transaction. Before these answers
were filed the cause was referred to a commissioner to enquire
and report whether the lands conveyed in the deed from Willis
to Greer, trustee for the benefit of Sarah Willis, were bound by
the liens of the judgments against S. B. Willis set out in the
bill, and at a subsequent day the commissioner filed his re-
port, which concludes as follows: "After a careful consider-
ation of the evidence and the papers in the suit, I am satis-
fied that the said tracts of land are not liable to be subjected to
the payment of said liens, and do so report." On the 17th of
December, the court entered a decree, which recites the filing
of this report, and that exceptions were taken thereto by the

plaintiffs; "on consideration whereof the court doth adjudge, order and decree that the exceptions to the commissioner's report be overruled, and said report is hereby in all respects confirmed." From this decree Lee & Snead obtained an appeal.

The exceptions referred to in the decree are not in the record, and it is earnestly contended by counsel for appellees that they cannot be considered. This contention is sufficiently answered by the case of *French* v. *Townes,* 10 Gratt. 513, where it is said: "Where the questions at issue are presented by the pleadings and proofs no exception to the commissioner's report is necessary to raise them for adjudication." No exception to this report, therefore, was necessary, and its absence does not preclude us from examining into the case upon its merits.

The deed, upon the validity of which the controversy turns, by which Willis conveyed the land in dispute to his wife is alleged to be for the consideration of $2,500, money theretofore loaned by her to him.

In *Crowder* v. *Garber,* 97 Va. 565, 34 S. E. 470, it is said: "In a contest between the creditors of the husband and the wife, concerning a deed from the husband to the wife, the presumption is against the *bona fides* of the transaction, which she must overcome by clear and satisfactory evidence."

In *Runkle* v. *Runkle,* 98 Va. 663, 37 S. E. 279, the same principle is stated as follows: "In a contest between a wife and the creditors of her husband as to the validity of the transfer of property from the husband to the wife, the presumption is in favor of the creditors, and the burden is on the wife to establish by clear and satisfactory evidence the *bona fides* of the transaction."

The evidence by which it is sought to maintain the burden thus imposed upon the wife is as follows: The first husband of Mrs. Willis was a Mr. Helms, who died before the year 1860, leaving a widow, a son, and a daughter. The widow married

Stephen B. Willis, who, in 1865, qualified as the guardian of his wife's son, Samuel J. Helms, and took charge of the property of his ward, which consisted of land and a little personalty. On the 26th of December, 1876, Samuel J. Helms died a few months after attaining the age of twenty-one years. In November, 1878, Willis settled his account as guardian before the commissioner of accounts of Franklin county, from which it appears that the ward was indebted to him in the sum of $1,133.69, and the commissioner certified that this account was supported by satisfactory vouchers. In January, 1879, this account, having remained in the office for the period required by law and not having been excepted to, was duly confirmed and recorded.

It appears that one James J. Carper brought a suit to subject the 215 acres of land which Samuel J. Helms had inherited to a debt due by his father, and in this suit the land was sold and purchased by S. B. Willis, to be paid for in part by crediting him with the balance ascertained to be due to the guardian from the ward, but while Willis was reported and accepted as the purchaser no deed was made to him. In 1887 certain of his creditors brought suit against him upon the judgments which were recovered in April and May, and on the last day of March, 1887, the deed under investigation was executed, and put to record two days after its date. Upon the death of Samuel J. Helms, immediately after becoming of age in 1876, his property, real and personal, descended and passed to his mother and sister, and it is claimed that, upon a settlement of the accounts of S. B. Willis as his guardian, and afterwards as administrator, a balance more than sufficient to constitute an adequate consideration for the property conveyed by him to his wife would be found to exist.

Evidence was taken which tends to prove that sums of money came into the guardian's hands with which he was properly chargeable, and which did not enter into the settled accounts.

These items consisted chiefly of estimated rents of the ward's land while it remained under the control of his guardian. These estimates are widely divergent, varying from a rental value of $30.00 to $100.00 *per annum*. There is evidence that a small amount of personalty passed into the hands of Willis, as administrator, but no account is stated in this suit of his transactions either as guardian or as administrator. We have then upon the one hand a presumption that this deed is invalid as against the creditors of the husband, and we have an *ex-parte* settlement made by the guardian before the commissioner of accounts showing a large balance due to him from the ward's estate. It may be found upon a restatement of the accounts that the deed rests upon an adequate consideration; that the transaction is free from fraud and collusion; that the husband was moved by a desire to restore to the wife property belonging to her, and which he had wrongfully appropriated to his own use; but we are of opinion that the record is not now in a condition to justify us in saying that the presumption against the *bona fides* of the deed has been overcome by clear and satisfactory testimony.

We therefore think that the case should be reversed, and remanded to the Circuit Court with directions to cause the accounts of the guardian and administrator to be stated so that the indebtedness from Willis to his wife, relied upon as a consideration for the deed to T. C. Greer, trustee, may be ascertained, and its sufficiency determined.

*Reversed.*