## Staunton.

### RANKIN v. GOODWIN.

#### September 29, 1904.

1. FRAUD—*Transactions Between Husband and Wife—Presumption.*—In a contest between the creditors of an insolvent husband and his wife, the presumption as to the *bona fides* of a money transaction between the husband and his wife is against the wife, and the burden is upon her to show by clear and satisfactory evidence that an alleged purchase by her from her husband was made in good faith, and that the consideration was paid by her out of her separate estate.

Appeal from a decree of the Circuit Court of Augusta county, rendered in a suit in chancery, wherein the appellee was the complainant, and the appellant and her husband were the defendants.

*Affirmed.*

The opinion states the case.

*Patrick & Gordon,* for the appellant.

*W. E. Allen* and *Curry & Glenn,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

In January, 1889, J. H. Rankin, the husband of appellant, Sarah E. Rankin, qualified as guardian of appellee, Mary S. V. P. Goodwin, and in January, 1893, settled his final account,

which showed a considerable balance due to his ward. For the recovery of that balance, appellee instituted a suit in equity, and in June, 1899, obtained a decree against her former guardian for $1,578.15, with interest.

At the time the liability of J. H. Rankin, as guardian, accrued, he was the owner of real and personal estate of the value of several thousand dollars, but before entry of the decree he had, by one contrivance or another, divested himself of all his property, and lodged the title in his wife. Thereupon this suit was brought to set aside the conveyances as voluntary and fraudulent.

Appellant, by her answer, denied the allegations of the bill, and insisted that she purchased the property in good faith, paying full value therefor with means derived from the ·estate of her father, and from business conducted by her self, and in her own behalf.

The trial court referred the issue thus made to one of its commissioners in chancery, who took evidence, and reported adversely to appellant's contention. By the decrees complained of, the report was confirmed, the deeds to Mrs. Rankin set aside, and appellee's claim established as a subsisting lien upon the lands in controversy.

The doctrine is established in this court by repeated decisions, that in controversies of this character between the wife and creditors of an insolvent husband, the presumption, as to the *bona fides* of the transaction, is against the wife and in favor of the creditors. The burden in such case rests upon the wife to establish, by clear and satisfactory evidence, that the purchase was made in good faith, and the consideration paid by her out of her separate estate.

In the case of *Seitz* v. *Mitchell,* 94 U. S. 580, 24 L. Ed. 179, the rule, with the reason for it, is succinctly stated as follows: "Purchases of either real or personal property, made by the

wife of an insolvent debtor, during coverture, are justly regarded with suspicion, unless it certainly appears that the consideration was paid out of her separate estate.   Such is the community of interest between husband and wife; such purchases are so often made a cover for a debtor's property; are so frequently resorted to for the purpose of withdrawing his property from the reach of his creditors and preserving it for his own use, and they hold forth such temptations for fraud that they require close scrutiny.   In a contest between the creditors of the husband and the wife, there is,. and should be, a presumption against her which she must overcome by competent proof." *Yates* v. *Law,* 86 Va. 117, 9 S. E. 508; *Grant* v. *Sutton,* 90 Va. 771, 19 S. E. 784; *Flynn* v. *Jackson,* 93 Va. 341, 25 S. E. 1; *Crowder* v. *Garber,* 97 Va. 565, 34 S. E. 470; *Runkle* v. *Runkle,* 98 Va. 563, 37 S. E. 279; *Lee* v. *Willis,* 101 Va. 188, 43 S. E. 354; *Baker* v. *Watts,* 101 Va. 702, 44 S. E. 929.

Subjected to a less stringent test than that established by these authorities, the evidence is ample to sustain the finding of the commissioner.

The case of *Kinnier* v. *Woodson,* 94 Va. 711, 27 S. E. 457, is relied on by appellant as a precedent in this case.   But it will be observed that the cases are essentially different.   In that case the wife was shown to possess sufficient means to purchase the property sought to be subjected by the husband's creditors; while it appeared that he was impecunious and insolvent.   In the present case the conditions are practically reversed, and the evidence warrants the conclusion that the transaction was a shallow device concocted for the purpose of shielding the property of the husband from the payment of his debts.

The decree is plainly right, and is affirmed.

*Affirmed.*