## Wytheville.

RICHARDSON, TRUSTEE, v. PIERCE AND OTHERS.

June 28, 1906.

Absent, Keith, P.

1. FRAUDULENT CONVEYANCES—*Husband and Wife—Presumption—Burden of Proof—Case in Judgment.*—In a contest between the creditors of an insolvent husband and the wife, touching an alleged purchase by the wife from the husband, or from others, with means furnished by him, the transaction is presumed to be fraudulent, and the burden is on the wife to repel the presumption and to show, by clear and satisfactory evidence, that the consideration was paid by her out of her separate estate, or in case of a settlement, that the husband retained ample assets to satisfy his creditors; but if the husband is not indebted at the time of the transaction no such presumption arises, and the burden is on the subsequent creditor to show that prospective fraud was contemplated and directed against him. The same principle applies to a voluntary settlement by the husband upon the wife. In the case in judgment the complainant has not alleged, nor proved, that the husband was indebted at the date of the conveyance in question, and has wholly failed to establish the charge that it was made in anticipation of future indebtedness and in fraud of the rights of creditors whose debts were not contracted till nearly two years after the deed was executed and recorded. The most that could be made of the case in judgment, upon the evidence in the record, would be a case of a voluntary settlement of the husband upon his wife.

Appeal from a decree in chancery of the Circuit Court of Smyth county. From a decree dismissing the bill, the complainant appeals.

*Affirmed.*

The opinion states the case.

*H. N. Bell,* for the appellant.

*James H. Gilmore* and *R. L. Williams,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

On July 4, 1902, appellee, John A. Pierce, was upon his own petition adjudged a bankrupt; and in November following appellant, by authority of an order of the referee in bankruptcy, filed his bill on behalf of creditors against the bankrupt and his wife, Laura Pierce, to set aside a deed from Scott and wife to Laura Pierce, by which deed, in consideration of $2,600, the grantors conveyed to her a farm located on the south fork of Holston river, in Smyth county, Va. The filing of this bill was preceded by an attachment in equity by creditors against a stock of merchandise belonging to John A. Pierce; and they subsequently sought, by amended bill, to set aside as fraudulent the deed referred to, and subject that property also to the payment of their debts; but inasmuch as the controversy was ultimately relegated to the suit instituted by the trustee in bankruptcy, it will not be necessary to give any further attention to the preliminary proceedings.

The essential allegations of the bill of appellant (styled an amended and supplemental bill) are that the consideration of the conveyance from Scott and wife to Laura Pierce moved from her husband; that Laura Pierce was without means to pay for the property; that John A. Pierce procured the conveyance to be made to his wife in anticipation of insolvency and with intent to hinder, delay and defraud his creditors; and that the deed was, therefore, both fraudulent and voluntary.

The defendants by their answers deny the charge of fraud, and that the husband contributed any part of the purchase price of the land.   In explanation of the circumstances which led up to the purchase, they say: That some time prior thereto John A. Pierce had expressed a purpose to settle in one of the Western States of the Union; that being their only child, his parents were opposed to the move, and, as an inducement to him to remain in Virginia, his father, Robert Pierce, agreed to assist his daughter-in-law in buying a home of her own selection; and that, accordingly, the Scott farm was chosen, and Robert Pierce conducted and consummated negotiations for its purchase, and contributed $1,500 toward the price, the residue of which was paid by the wife out of her own resources.

The bill furnishes no information with respect to the financial condition of John A. Pierce at the date of the deed (September 25, 1900), though in the petition for appeal it is said: "At the time of this land trade John A. Pierce was doing a thriving business, making money and losing none by bad debts, according to the uncontradicted statements of both of them"; it does not charge that he was indebted at that time, and it plainly appears that the indebtedness to which it is now sought to subject the property was not contracted until about two years after the date of the conveyance.   The evidence also abundantly sustains the averments of the answers as to the circumstances attending the purchase of the property, and that Robert Pierce paid $1,500 of the purchase money; and while there is evidence tending to sustain the charge that Mrs. Pierce was out of funds, both she and her husband testify that the balance of the purchase price was paid by her and that no part of it was furnished by the husband.

The authorities make it clear that there are two distinct classes of cases in relation to the purchase of property by mar-

ried women and settlements upon them by their husbands—
the one class where the contest is between creditors of an insol-
vent husband and the wife touching an alleged purchase by
the wife from the husband, or else from others with means de-
rived from him, and the other where the husband is not in-
debted at the time of the purchase or settlement.

In the former case it is settled law that the transaction is
presumed to be fraudulent, and the burden rests upon the wife
to repel the presumption and to show, by clear and satisfactory
evidence, that the consideration was paid by her out of her sepa-
rate estate and not by the husband; or, in case of a settlement,
that the settler retained ample assets to satisfy creditors. The
former class is exemplified by the cases of *Rankin* v. *Goodwin,*
103 Va. 81, 48 S. E. 521; *Kline* v. *Kline,* 103 Va. 263, 48
S. E. 882, and that line of decisions.

On the other hand, where the husband is not indebted at the
time of the transaction, no such presumption arises; and the
burden of proof is upon the subsequent creditor to show that
a prospective fraud was contemplated and directed against him;
and this principle applies also to voluntary settlements by the
husband upon the wife. *Hutchison* v. *Kelly,* 1 Rob. 131, 39
Am. Dec. 250; *Bank* v. *Patton,* 1 Rob. 528; *Johnston* v. *Gill,*
27 Gratt. 587; *Witz, Biedler & Co.* v. *Osburn,* 83 Va. 227, 2
S. E. 33; *De Farges* v. *Ryland & Brooks,* 87 Va. 404, 12 S. E.
805, 24 Am. St. Rep. 659; *Building Assn.* v. *Reed,* 96 Va. 345,
31 S. E. 514.

In discussing our statute (Va. Code, 1904, sec. 2458),
founded on 13 Eliz., in regard to grants, etc., made with intent
to delay, hinder and defraud creditors, Professor Minor states
the Virginia doctrine with his usual clearness and accuracy as
follows: "That voluntary conveyances are to be reckoned *al-
ways fraudulent* as to existing creditors, but that as to *subse-*

*quent creditors* their validity will depend on the circumstances already twice stated. As to *subsequent* creditors, then, the doctrine is this: If the donor in a voluntary conveyance be indebted at the time he gives away his property the gift is *absolutely fraudulent and void* as to existing creditors, and is *prima facie* presumed to be fraudulent as to subsequent creditors; but that presumption may be repelled by showing that the existing debts were charged on the property given, and only the surplus bestowed on the donee, or by showing that the donor retained in his hands a remnant of estate *amply sufficient* to meet the existing demands against him, without any *definite improbability* that it will be so applied. And on the other hand it is established that if the donor be *not indebted* at the date of the voluntary conveyance that affords a presumption that there is no fraud in the gift, a presumption which may be repelled, however, by showing that the donor immediately contracted a large amount of indebtedness, or by any other proof that he designed to defraud the subsequent creditors." 2 Min. Inst. (4th ed.) 682-83.

In the case under consideration, the plaintiff has neither alleged nor proved that the husband was indebted at the date of the conveyance in question, and has wholly failed to establish the charge that it was made in anticipation of future indebtedness and in fraud of the rights of creditors whose debts were not contracted until nearly two years after the deed was executed and admitted to record. So that if the theory of appellant be true, and the record is not without some evidence tending to support it, that the money paid by the father was a loan to the son, and that the latter supplied the residue of the purchase money; nevertheless, it appearing that the husband was not indebted at the time, and there being no proof that he designed to defraud subsequent creditors, the transaction would,

at most, amount only to a voluntary settlement by the husband upon the wife, and ought, under the circumstances, to be upheld.

For these reasons we are of opinion that the decree appealed from ought to be affirmed.

*Affirmed.*