𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ATKINSON, ADMINISTRATOR, V. SOLENBERGER.

November 17, 1910.

Reheard November 16, 1911.

Absent, Cardwell, J.

1. EQUITY PRACTICE—*Hearing Causes Together—Separate Issues—Depositions in One Cause.*—The effect of hearing two chancery causes together is not to make the two causes one. The parties in one suit do not become parties to the other, and their rights still depend or turn on the pleadings, proof and proceedings in the respective causes. The issues remain precisely as they were, and are to be determined exactly as if the cases had been heard separately. Depositions taken in one case before the two were heard together cannot affect parties in the other who were not parties to the first.

2. FRAUDULENT CONVEYANCES—*Gift by Insolvent Donor—Knowledge of Insolvency by Donee—Limitation of Actions.*—Where the donee of lands has knowledge of the fact that the donor is insolvent, and the natural and necessary effect of the transaction is to hinder, delay or defraud the donor's creditors, it is actually fraudulent not only as to the donor, but as to the donee also, and section 2929 of the Code fixing a limitation of five years upon suits to avoid voluntary conveyances has no application to it.

3. HUSBAND AND WIFE—*Transfers of Property—Presumption of Fraud.*—In a contest between existing creditors of an insolvent husband and his wife, touching an alleged purchase from her husband, or from another with means furnished by him, the transaction is *prima facie* presumed to be actually fraudulent, and the burden is on the wife to show by clear and satisfactory evidence that the consideration was in good faith paid by her out of her own estate, and not by her husband.

4. HUSBAND AND WIFE—*Suit to Subject His Wages—Support of Family.*—Where a husband renders services for his wife, whether under an express or implied agreement, his creditors have the right to subject the value of such services to the pay-

ment of their debts, less the amount necessary for the reasonable support of the husband and his family. If the husband himself should sue the wife for his services and she had in the meantime supported him and the family, it is clear that he could only recover the value of his services in excess of a reasonable support for himself and family, and his creditors are entitled to no more.

5. EQUITY PRACTICE—*Evidence Before Commissioner Must Be Confined to Issues.*—The evidence taken before a commissioner in chancery, upon a reference to him, must be directed ·and confined to the questions upon which he is ordered to report. A party can neither be expected nor required to present evidence to a tribunal upon an issue upon which it has no jurisdiction to pass, nor will he be prejudiced by such evidence if offered by his adversary.

6. EQUITY PRACTICE — *Reference to Commissioner — "Other Matters"—What Is Embraced.*—A general direction to a commissioner in chancery to report any other matter deemed pertinent by himself or required by any party in interest, is intended to include matters which are germane and incidental to the questions specifically referred, and does not embrace matters not within the pleadings or issues referred to him.

7. WITNESSES—*Husband and Wife—Competency.*—In a suit by a creditor to set aside a deed from a husband to his wife, neither husband nor wife is a competent witness to testify for or against the other under the express provision of section 3346a of the Code.

8. HUSBAND AND WIFE—*Set Off—Services of Husband—Support of Family by Wife.*—Money expended by a wife for the support of the family is a proper set off to a demand of the husband against her for services, and his creditors can occupy no higher ground than he does.

Appeal from a decree of the Circuit Court of ·Frederick county. Decree for defendants. Complainant appeals.

*Reversed in part.*

The opinion states the case.

*R. T. Barton* and *Carroll G. Walter,* for the appellant.

*H. R. Kern, Quarles & Pilson* and *Ward & Larrick,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

One of the objects of the proceedings in this cause was to set aside a deed executed February 14, 1894, by John W. Solenberger to his son Noah W., as trustee for Barbara, the latter's wife, and to subject the lands conveyed to the payment of a debt evidenced by a judgment against Noah W., upon the ground that the lands conveyed were in fact purchased and paid for by the husband and the deed executed to the wife, without consideration passing from her, and was so made for the purpose of defrauding the husband's creditors, and that she had notice of such intent when the conveyance was made. Another object of the proceedings was to subject other lands than those conveyed by the deed of February 14, 1894, and the value of services rendered by the said husband for his wife Barbara.

This cause was heard with the cause of *Joseph W. Solenberger, Admr.,* v. *Noah W., his wife and others,* and a decree entered refusing to set aside the conveyances attacked, charging Barbara, the wife, with the value of her husband's services, and crediting her thereon with the amount which the court deemed necessary for the reasonable support of the husband and family during that period. From that decree this appeal was taken.

The first error assigned is to the action of the court in refusing to set aside the deed of February 14, 1894. This suit was instituted in December, 1903, nearly nine years after the conveyance of February 14, 1894, was recorded. The beneficiary in the deed claims in her answer that her husband was indebted to her, and that the consideration of three thousand dollars for which he executed his bonds to his father, the grantor, was for the debt which he owed. It is conceded in the brief of the appellees that there is "nothing in the record apart from the averment of the answers and the recital in the deed that the consideration

of $3,000 was paid by said trustee, i. e., out of her separate estate; but it does appear that her trustee had used her money to an amount greater than the consideration named."

The evidence relied on to show that the trustee (husband) had used his wife's money is the depositions of the husband and the wife, taken in the cause of *Joseph W. Solenberger* v. *Noah W. Solenberger,* in the year 1904, two years before that case and this were ordered to be proceeded with and heard together. These appellants were not parties to that suit, and are not affected by the evidence taken in it. The effect of hearing the cases together was not to make the two one cause.

"The parties," as correctly stated in 8 Cyc. 608, "in one suit do not become parties to the other, and their rights still depend or turn on the pleadings, proof and proceedings in the respective causes. The issues remain precisely as they were, and are to be determined exactly as if the cases had been heard separately. In short, the consolidation (in equity) merely operates to carry on together two separate suits supposed to involve identical issues, and is intended to expedite the hearing and diminish the expense." See also, Daniel's Ch. Pr., Note 3, p. 797, (5th Am. Ed.) Judge Lurton's (now Justice Lurton) opinion in *Toledo, &c. Ry.* v. *Continental T. Co.,* (C. C. A.) 95 Fed. 497, 506.

Having failed to establish by clear and satisfactory evidence, or even to show at all, that any such indebtedness existed from the husband to the wife, the conveyance to her is without consideration and merely voluntary as to her. But as this suit was not instituted until more than five years after the recordation of the deed, the right to have it set aside merely because it was made to the wife without consideration deemed valuable would be barred by the statute of limitations. Code, sec. 2929.

But the appellants not only allege that the conveyance as to the grantee was voluntary, but that the lands were

purchased and paid for by the husband and the convey-
ance made to his wife for the purpose of hindering, delay-
ing and defrauding his creditors, and that she had notice
of such intent.    If this allegation of actual fraud be sus-
tained by the evidence, section 2929 has no application to
the case.    *Flook* v. *Armentrout,* 100 Va. 638, 42 S. E. 686;
*Snoddy* v. *Haskins,* 12 Gratt. 363.

It appears from the answer of the wife to the bill of
Joseph W. Solenberger, a copy of which is filed with the
bill in this case, that at the time the conveyance was made
she knew that her husband was insolvent, as did his father,
the grantor, and that the husband could not hold property
because of his financial condition; that the grantor urged
her to purchase the land, and said that he would accept
time bonds of her husband for $3,000 in consideration and
satisfaction of the purchase price of the land.    There is no
claim made in the answer that her husband was indebted to
her, or that she was furnishing any part of the considera-
tion, directly or indirectly.    The answer further states that
her husband had paid at that time $900 on account of the
purchase price, evidenced by the bonds.    It thus appears
that the wife knew that her husband was *insolvent* at the
time the conveyance was made to her and that he and not
she was to pay the purchase price of the lands conveyed.
Both the husband and the wife knew when the conveyance
was made that he was providing for her at the expense of
his creditors—that he was doing what he had no right to do.

This is not a case where money or property is received
from an insolvent donor by one who has no reason to sus-
pect such insolvency and without any purpose to defraud
the creditors of the donor.    In such a case, the transaction
being merely voluntary, it is as to the donee constructively
fraudulent and must be attacked within the five years; but
where the donee has knowledge of the fact that the donor
is insolvent and the natural and necessary effect of the

transaction is to hinder, delay or defraud the donor's creditors, it is actually fraudulent, not only as to the donor, but also as to the donee.

It is settled law in this State, that in a contest between the existing creditors of an insolvent husband and his wife, touching an alleged purchase from her husband or from another with means furnished by him, the transaction is *prima facie* presumed to be actually fraudulent and the burden is on the wife to show by clear and satisfactory evidence that the consideration was in good faith paid by her out of her own separate estate, and not by her husband.   See *Richardson* v. *Pierce,* 105 Va. 628, 54 S. E. 480, and cases cited; 2 Min. Real Prop., sec. 1181, and cases cited in Note 8.

The contention of the wife, that the transaction of February 14, 1894, was in fact a gift and not a sale, is in conflict with the averments of her pleadings in this cause, for in them she claims that she furnished the consideration for the conveyance.   It is in conflict with her answer in the case of *Solenberger's Admr.* v. *Solenberger,* filed as an exhibit in this cause.   In that answer her claim is that the consideration was to be furnished and was in fact furnished by her husband.   There is no evidence that the transaction was intended to be a gift, except that the grantor accepted the bonds of his insolvent son without reserving a lien upon the land conveyed.

Upon the whole case, we are of opinion that the conveyance of February 14, 1894, was, as to the wife, not only voluntary, but actually fraudulent; that the appellants have not been guilty of such delay in asserting their rights as to bar them from the relief sought; and that the trial court erred in not setting aside the said conveyance as fraudulent and void.

Another error assigned is that "the appellees were not entitled to have an exemption or an allowance, for the sup-

port of the family, set off against the amount ascertained to be due for services" rendered by the husband.

The commissioner, to whom was referred the question, found that the husband had rendered valuable services to the wife in the management of her property, for which a fair compensation would be six hundred dollars *per annum* during the five years preceding the institution of this suit. The commissioner also found that all the means for the support of the husband and the family had been furnished by the wife during the said five years. This support the commissioner estimated as worth five hundred dollars *per annum,* and credited the same upon the amount he ascertained as the value of the husband's services. Upon a hearing of the cause, the court sustained an exception to the commissioner's report, filed by the husband and wife, as to the amount allowed by the commissioner as a proper sum to be credited on the value of the husband's services for the support of his family, and increased that amount from $500 to $600 *per annum.*

The objection made to the action of the court is not, as we understand it, to the amount allowed by the court for the support of the family, but to any allowance whatever.

The allowance is objected to on two grounds: (1) That the husband as the general manager or trustee of his wife's property was not a laboring man, within the meaning of section 3652 of the Code, which exempts from distress, levy or garnishment the wages of a laboring man, being a householder, not exceeding fifty dollars per month. (2) That an insolvent debtor, whose creditors are subjecting to the payment of their claims the value of his services, is not entitled to an allowance for the support of himself and family when it appears that the means for such support have not been furnished by him.

Where a husband renders services for his wife, whether under an express or implied agreement, his creditors have

the right to subject the value of such services to the payment of their debts, less the amount necessary for the reasonable support of the husband and his family. See *Catlett* v. *Alsop, Mosby & Co.,* 99 Va. 680, 687, 40 S. E. 34; *Penn* v. *Whitehead,* 17 Gratt. 503, 525, &c., 94 Am. Dec. 478; *Same* v. *Same,* 12 Gratt. 74, 80, &c.

The fact that during the period the husband is rendering services for the wife she supports the family is no reason why, when his creditors are seeking to charge her with the value of his services, she should not be permitted to set off what she has advanced for the reasonable necessary support of the husband and his family during the period she is charged with the value of his services. If the husband himself, under like circumstances, were to sue his wife to recover the value of his services, it is clear that he could only recover from her the value of his earnings or wages in excess of a reasonable support for himself and family. The creditors are entitled to no more. See *Catlett* v. *Alsop, Mosby & Co., supra; Penn* v. *Whitehead, supra.*

It is unnecessary to consider the question, whether or not the husband, in this case, is a "laboring man," within the meaning of section 3652 of the Code, since independent of that section, where creditors are in a court of equity seeking to subject to the payment of their debts the earnings or wages of an insolvent husband in the employment of his wife, they can only subject so much thereof as is in excess of a reasonable support for himself and family. See authorities cited above.

For the error of the trial court in refusing to set aside as fraudulent and void the conveyance of February 14, 1894, the decree appealed from, to that extent, must be reversed and set aside, and in other respects affirmed; and the cause remanded to the circuit court for further proceedings to be had not in conflict with the views expressed in this opinion.

UPON A REHEARING, NOVEMBER 16, 1911.

WHITTLE, J., delivered the opinion of the court.

Upon a former hearing this court reversed the decree of the circuit court in so far as it refused to set aside the deed of February 14, 1894, from John W. Solenberger to Noah W. Solenberger, trustee for his wife Barbara, on the ground of actual fraud; being of opinion that the land in controversy was purchased and paid for by the husband, who procured the title to be conveyed to himself, as trustee for his wife, for the purpose of hindering, delaying and defrauding his creditors.

There is no occasion to depart from the conclusion reached by the court on that issue upon the evidence then before us. Since the last hearing the appellees have supplemented the former record by bringing up proceedings on an amended and supplemental bill in the principal case, and on an original bill filed by Joseph W. Solenberger against appellees. The trial court sustained demurrers to these several bills, save only with respect to the allegation common to both, that Noah W. Solenberger had rendered services for his wife in the management of her property, compensation for which was liable to payment of his debts. The cases were then ordered to be heard together, and a specific reference was made to a commissioner in chancery touching the question of compensation for alleged services of the husband. The decree also contained the usual provision, that the commissioner should report any other matter deemed pertinent by himself or required by any party in interest, and should certify the evidence to the court.

Upon this reference, Noah W. Solenberger and wife gave their depositions tending to sustain the *bona fides* of the deed of February 14, 1894. Their evidence was plainly irrelevant to the question referred to the commissioner, and was objected to on that ground. Indeed, the evidence

related to a subject expressly eliminated by the court (in sustaining the demurrer) from the pleadings upon which the reference was ordered.

It is a fundamental rule of practice that the evidence must be directed and confined to the questions upon which the master is ordered to report. *Ware* v. *Starkey,* 80 Va. 191, 198; 2 Bar. Chy. Pr. 635; 2 Daniel's Chy. Pl. & Pr. 1296.

A party can neither be expected nor required to present evidence to a tribunal upon an issue which it has no jurisdiction to pass upon. And, conversely, such party is not to be prejudiced by the transgression on the part of his adversary of a rule of practice, upon the observance of which depends the due and orderly administration of justice. Therefore, for the reason that the controversy concerning the validity of the deed was not within the pleadings, or issues referred to the commissioner, depositions on that subject were inadmissible.

The general direction found in the decree, that the commissioner shall report any other matter deemed pertinent by himself or required by any party in interest, does not warrant departure from the rule of practice adverted to, but it is merely intended to include matters which are germane and incidental to the questions specifically referred.

The depositions in question were excepted to and were inadmissible for the further reason that Noah W. Solenberger and his wife were incompetent witnesses under the statute (Va. Code, 1904, sec. 3346-a), which declares, that "Neither husband nor wife shall be competent to testify for or against each other in any proceeding by a creditor to avoid or impeach any conveyance, gift, or sale from the one to the other on the ground of fraud or want of consideration."

The cross-error assigned by appellees involves the contention, that moneys expended by the wife for the support of the family stand on the same footing as moneys paid by

the wife to the husband without promise on his part to repay the same. But the contrary principle is well settled—that money so expended by the wife is a proper set-off to the demand of the husband against her for services. The creditor of the husband can occupy no higher ground in such case than his debtor. *Penn* v. *Whitehead,* 17 Gratt. 503, 94 Am. Dec. 478; *Catlett* v. *Alsop, Mosby & Co.,* 99 Va. 680, 40 S. E. 34.

For these considerations, we shall adhere to the decision reached on the former hearing.

*Reversed in part.*