## Wytheville

### CARNER v. MIDDLEKAUF AND OTHERS.

June 10, 1915.

Absent, Cardwell, J.

1. FRAUDULENT CONVEYANCE—*Deed to Wife—Consideration Paid by Husband—Presumption.*—Where an insolvent husband furnishes the consideration for a conveyance to his wife, the transaction must be treated as *prima facie* actually fraudulent in a contest between creditors of the husband on the one hand and the husband and his wife on the other, and the burden is upon the wife to show by clear and satisfactory evidence that she, in good faith, furnished the consideration from her own and not from her husband's means. This burden she has not sustained in the case in judgment.

2. FRAUDULENT CONVEYANCE TO WIFE—*Encumbrance by Wife— Personal Decree Against Wife.*—Where a conveyance to a wife is declared fraudulent as to creditors of her insolvent husband because the consideration was furnished by him, the wife is to be regarded as a trustee for such creditors. His creditors are entitled to the full value which he would have had if the conveyance had been made directly to him. If the wife has diminished the security of such creditors by giving a valid lien on the property, she is, as such trustee, personally liable to the extent to which she has thus diminished their security.

Appeal from a decree of the Law and Chancery Court of the city of Norfolk. Decree for the complainants. One of the defendants appeals.

*Affirmed.*

The opinion states the case.

*R. Randolph Hicks,* for the appellant.

*Wingfield & Hoag, Poindexter & Hopwood* and *L. P. Mathews,* for the appellees.

KELLY, J., delivered the opinion of the court.

Joel T. Lumsden and wife, in November, 1911, conveyed a tract of land to Clara V. Lynch Carner and Mary W. Carner. About one year later, Mary W. Carner, by a deed in which her husband, James E. Carner, united, conveyed her undivided half interest in this land to Clara V. Lynch Carner, and the latter, on the same day, gave a deed of trust thereon to secure $1,500 borrowed by her upon the property. Clara V. Lynch Carner was the wife of M. F. Carner, and James E. Carner was his son.

This suit was brought by the creditors of M. F. Carner to set aside as fraudulent the two conveyances first above mentioned and to obtain a personal judgment against his wife for the amount obtained by her upon the deed of trust. From a decree sustaining the contention of the creditors this appeal was allowed.

The first error assigned is to the action of the court in setting aside the aforesaid deeds to Clara V. Lynch Carner and holding the land liable for the debts of her husband.

The deed from Lumsden and wife expressed a consideration of $1,650 and recited that $1,186.35 was paid in cash and the balance by the assumption of two notes, aggregating $463.65. The real consideration, however, was $100.00 cash, the assumption of said notes and the transfer and delivery to Lumsden of 18.6 shares of the stock of the People's Furniture Company. It is not denied that this stock originally belonged to M. F. Carner and that it remained in his name to the time of the transfer to Lumsden, but the contention of Carner and wife is that it had been hypothecated with certain banks (which is shown to be true), and that Mary W. Carner and Clara V. Lynch Carner furnished the means to procure the release of the stock, became the owners thereof, and traded it on their own account to Lumsden.

Mary W. Carner gave a deposition in the cause stating unequivocally that she had never bought or owned any of the stock, had never claimed any interest in the Lumsden land, and had made the conveyance to Clara V. Lynch Carner at the request of M. F. Carner. This testimony is corroborated by other facts appearing in the record and is not open to serious question.

As to Clara V. Lynch Carner's connection with this transaction, we are of opinion that the facts disclosed by the evidence, together with the legal presumptions arising through the relationship of the parties, fully warranted the lower court in finding, as set forth in the decree appealed from, that the deeds in question "were made to hinder, delay and defraud the creditors of the defendant, M. F. Carner, and that the said M. F. Carner furnished the consideration for the said land."

It is shown that M. F. Carner is insolvent. As between him and his wife on the one hand and his creditors on the other, this transaction must be treated *prima facie* as actually fraudulent, and the burden is upon her to show by clear and satisfactory proof that she in good faith furnished the consideration from her own and not from her husband's means. *Richardson* v. *Pierce,* 105 Va. 628, 54 S. E. 480; *Atkinson* v. *Solenberger,* 112 Va. 667, 72 S. E. 727; *Eason* v. *Lyons,* 114 Va. 392, 76 S. E. 957; 2 Minor Real Prop., sec. 1181.

The *prima facie* case thus made out for the appellees has not been overcome by any satisfactory evidence on the part of the appellant. It does appear that she assisted her husband in securing the release of four shares of stock in the People's Furniture Company by endorsing his note for $200 and that she subsequently paid this note. It also appears that the president of the bank which held these four shares of stock as collateral understood that when the stock was taken down under this arrangement it became the property

of the appellant. This, however, was a mere matter of opinion on the part of the president of the bank. The arrangement did not in itself operate as a transfer, and she has in no way met the burden which the law places upon her of showing that she actually furnished the consideration and in good faith acquired the stock. Moreover, this arrangement only involved four shares of the stock. Her husband owned 23½ shares, Lumsden only got 18.6 shares, and there is nothing to show that these 4 shares, even if acquired by Mrs. Carner, went into the purchase of the land.

In order to meet the acknowledged presumption of law against the good faith of the appellant's position, she invokes the doctrine announced in the case of *Kinnier* v. *Woodson*, 94 Va. 711, 27 S. E. 457. In that case, upon a state of facts showing that the husband could not have furnished the funds and that the wife was engaged in a business from which resources might reasonably have been expected with which to make the purchase, it was held that the presumption was successfully met and repelled. The evidence completely removes the case at bar from the influence of that decision. If the doctrine of *Kinnier* v. *Woodson* could be applied here it could be applied in every case in which the husband is insolvent and the wife has means of her own. M. F. Carner had not only acquired the stock in question, but had been trading in real estate (taking the title, however, in the names of other persons) and also had been engaged in the building business for some years. He was admittedly insolvent, but the evidence of his business activity leaves no room to doubt that he could have furnished the consideration for the purchase from Lumsden.

It is claimed, under the second and only remaining assignment of error, that the court erred in holding Clara V. Lynch Carner liable for the amount of money which she borrowed upon the property after allowing her credit for

the sums which she claims to have applied on the purchase price of the land. This portion of the decree is as follows: "It further appearing to the court that she has borrowed the sum of $1,500.00 with interest from the 26th day of November, 1912, and has secured the same by a deed of trust upon said property * * * and that the trustee had no notice of the fraud, so that the land will have to be sold subject to the deed of trust, and it appearing to the court that should the said land, upon being sold subject to said deed of trust, not bring a sum sufficient to pay the debts of M. F. Carner, * * * the said Clara V. Lynch Carner will be personally liable to the creditors for such deficiency to the extent of $1,500.00 with interest, less the amount of the lien assumed by her at the time of the purchase of said land and the sum of $100 paid by her at said time, it is so ordered and decreed." The decree in this respect is free from any error to the prejudice of the appellant. It is contended in her behalf upon this branch of the case that the court ought not to have held her responsible for more than the value of the stock in the People's Furniture Company which entered into the transaction as a part of the purchase money for the land. We cannot assent to this view. As we have already seen, there was no sufficient proof that the stock or any part of it was ever acquired by Mrs. Carner. The fraud complained of in this case consisted in having the deed made to Mrs. Carner instead of her husband. Mrs. Carner as a fraudulent grantee is to be regarded as a trustee for the creditors. As such she is personally liable for the amount in which she lessened the value of the property by the encumbrance she placed upon it. The creditors are entitled to the full value which M. F. Carner would have had in the subject if the conveyance had been made directly to him. These principles, applied here concretely to the appellant, are plainly just and reasonable in the abstract, and are abundantly supported by

authority. See 2 Min. Inst. 671; 1 Min. Real Prop., sec. 482; *Williamson* v. *Goodwyn*, 9 Gratt. (50 Va.) 506; *Almond* v. *Wilson*, 75 Va. 614; *Hamilton Nat. Bank* v. *Halstead*, 134 N. Y. 520, 31 N. E. 900, 30 Am. St. Rep. 693; 20 Cyc. 630-31.

We are of opinion that the decree complained of should be affirmed.

*Affirmed.*