## CIRCUIT COURT OF ARLINGTON COUNTY

Maryland National Mortgage Corp.

v.

A. J. Albanese, Trustee,
Maryland Investors Guild, et al.

February 26, 1992

Case No. (Chancery) 91–707

BY JUDGE BENJAMIN N. A. KENDRICK

On September 27, 1991, the Court heard argument on defendant Maryland Investors Guild's (Investors') Motion for Summary Judgment. The court granted defendant's motion, ruling that the alleged parol agreement between plaintiff and defendant to release certain real property from a deed of trust held by defendant was barred by the Statute of Frauds, Virginia Code § 11–2(6). This matter comes before the Court again on plaintiff's Motion to Reconsider.

After considering the able arguments of counsel and their memoranda of law, the Court grants plaintiff's motion and reverses its previous ruling on defendant's Motion for Summary Judgment. The Court finds that the alleged parol agreement between plaintiff and defendant to release real property from a deed of trust does not violate Virginia's Statute of Frauds.

The following are essential facts for a discussion of Summary Judgment in this case: Harry Myerson, the owner of defendant Investors, allegedly promised counsel for Nelson Brothers Limited Partnership to release a third deed of trust from a certain lot without receiving the payment of the release fee at that time. Nelson Brothers agreed that it would pay Myerson the $10,000.00 release fee when it sold two other lots. Mr. Myerson also agreed to execute a Certificate of Partial Satisfaction to effectuate the release, but when the certificate was forwarded to him approximately three months later, he refused to sign it.

Plaintiff argues that it agreed to make a loan for the purchase of that lot on the condition that the debt would be secured by a first deed of trust. Without Mr. Myerson's release, plaintiff's deed of trust would not constitute a first deed of trust. In reliance upon Mr. Myerson's promise, plaintiff disbursed the loan proceeds and its deed of trust was recorded. The owner of the property has defaulted on its loan and the priority of the liens is now at issue.

In its Summary Judgment argument, defendant stated that a release of a deed of trust is a transfer of an interest in real property which comes within the Statute of Frauds as a sale of real estate. Defendant relied on the following excerpt from Professor Minor's treatise:

> While mortgages and deeds of trust are often referred to as liens, they are to be carefully distinguished from ordinary liens by reason of the fact that the former confer upon the creditor secured thereby a title or estate in the property mortgaged, converting the creditor into a purchaser of the property, whereas the lien, strictly so called, confers no title nor estate in the property itself . . . . Minor, *The Law of Real Property*, Vol. 1, § 651 (1928).

Under defendant's theory, any promise Mr. Myerson may have made to release the deed of trust is barred by the Statute of Frauds because the act of releasing a deed of trust, in defendant's opinion, is a "sale."

Although this Court originally accepted defendant's theory, when presented with new argument and persuasive authorities, this Court now finds defendant's theory erroneous. Under a deed of trust, legal title remains with the mortgagor and passes from the mortgagor only when the trustee sells upon default, Glenn, *Mortgages*, vol. 1, sect. 20 (1943). Furthermore, defendant in its argument, quotes an excerpt from Professor Minor's work stating that a creditor is a purchaser under a deed of trust, however, the Virginia Supreme Court stated that a creditor does not lose his character as a creditor through his security under a deed of trust; the creditor is regarded simply as a "purchaser" within the meaning of the registry laws. *Runkle v. Runkle*, 98 Va. 663, 665 (1900).

The Virginia Supreme Court explained two years later:

> It is true that one who has acquired a direct interest in and by way of lien, or by mortgage, or by deed of trust, is often

referred to by commentators and the courts as a purchaser; but this does not mean that a creditor secured by a trust deed has an interest that amounts to a right of property in the land. A deed of trust creditor or mortgagee has no estate in the land that a judgment would bind. *Augusta National Bank v. Beard*, 100 Va. 687, 694 (1902).

Therefore, under Virginia law, the promise to release a deed of trust is not a sale of real estate contemplated by the Statute of Frauds. Under a deed of trust, the mortgagee, has no interest in the land and therefore a release by the mortgagee under a deed of trust is not a "sale" of real estate; he cannot convey that which he does not have. The legal title remains with the mortgagor and passes from him only when the trustee sells the property as a result of the mortgagor's default.

The court finds that Mr. Myerson's promise to release the deed of trust does not violate the Statute of Frauds. Plaintiff's Motion to Reconsider is sustained and Summary Judgment for defendant is reversed.