# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

GRANT V. SUTTON.

JUNE 19th, 1894.

1. HUSBAND AND WIFE—*Common law—Earnings.*—At common law marriage is an absolute gift to the husband of all the wife's personal estate, including her earnings, which did not become her separate estate until May 1, 1888, and property purchased before that time with her earnings is subject to her husband's debts. *Yates* v. *Law*, 86 Va., 120.

2. IDEM—*Separate estate—Burden of Proof.*—Where wife has during coverture purchased property, she must show that it was purchased with her separate estate, in order to protect it from her husband's creditors.

Appeal from two decrees of circuit court of Washington county, rendered October 15, 1891, and January 20, 1892, in a chancery cause wherein John F. Sutton was complainant and Mrs. Martha G. Grant was defendant. The decree being adverse to her, she appealed. Opinion states the case.

*D. Trigg,* for appellant.

*Fulkerson, Page & Hurt,* for appellee.

LEWIS, P., delivered the opinion of the court.

This was a suit to subject certain real estate, standing in the name of the appellant, Mrs. Martha G. Grant, to the satisfaction of three judgments against the complainant, John F. Sutton, as the endorser of H. M. Grant, the husband of the appellant, which judgments had been paid by the complainant.

The bill states that the real estate in question, or the money with which it was purchased, was given to the appellant by her husband, who was insolvent, and that the same is liable to the satisfaction of the judgments. In denial of this allegation the answer of Mrs. Grant avers "that during her married life, a period of about twenty-five years, she has been frugal, industrious, and saving; that she has managed for some years past to save a sufficiency from her extraordinary exertions to help her husband, who, some years ago, met with great financial reverses, and to pay for her home, which is sought to be subjected to sale in this suit."

The circuit court, after depositions had been taken, decreed in favor of the complainant, but held Mrs. Grant entitled to a prior lien on the property amounting to $229 11.

It is a principle of the common law, which has been repeatedly recognized by this court, that marriage is an absolute gift to the husband of all the personal estate of the wife of which she is beneficially possessed in her own right at the time of the marriage, or which may come to her during the coverture, including her earnings, or the products of her skill and labor. *Campbell* v. *Bowles,* 30 Gratt., 652; *Yates* v. *Law,* 86 Va., 117. And the rule has been declared that purchases of property made by the wife of an insolvent debtor during coverture are regarded with suspicion, unless it clearly appears that the consideration was paid out of her separate estate; and that in a contest between her and creditors of the husband, the *onus* is upon her to overcome the presumption which the law in such a case raises against her. *Yates* v. *Law, supra.*

This the appellant has not done in the present case. There is no proof that she had any separate estate, or that the money with which the property in question was paid for was derived by her from a source other than her husband. The evidence, it is true, tended to show that sometime in the year 1881, after the debts upon which the judgments were obtained had been contracted, and after the insolvency of her husband, she opened

an account with F. B. Hurt & Co., of Abingdon, which continued for a number of years, during which time she made deposits of money with the said firm, through whom the payments for the property in question were made; and the averment of the answer is that this money was "saved from her extraordinary exertions," and that she is entitled to it as her separate estate.

But there is a two-fold answer to this proposition, viz: (1) that the evidence does not show distinctly, what sums were deposited by her, and that it does show that during the same period deposits were made with the same firm by her husband, which were placed to her credit, and blended with her account; and (2) that under the original married woman's act of 1877, the sources whence a separate estate of a married woman, not a sole trader, could be derived, were these only, viz: "gift, grant, purchase, inheritance, devise or bequest"; and that it was not until the enactment of the present Code, which took effect on the 1st of May, 1888, after the date of the transactions in question, that to the sources above mentioned were added the words: "or in any other manner whatever"; so that the present case, in this particular, is governed by the rule of the common law which entitles the husband absolutely to the wife's earnings; for there is no averment in the answer that the appellant was a sole trader.

It also appears by the evidence that for a number of years before the death of the appellant's husband, he enjoyed a large, and presumably a lucrative, practice as the leading dentist of Abingdon; and the fair inference from the record is that the whole net earnings of his business, which he carried on as *agent for his wife*, went into the purchase of the property in question.

The appellee complains of the allowance to the appellant of the item of $299 11, which was declared a first lien on the property, paramount to the judgments. As to this, the court adopted the conclusion of the commissioner to whom the mat-

ter was referred; and upon examination of the record, we are of opinion to affirm the action of the lower court.

DECREE AFFIRMED.

NOTE BY REPORTER.—As to legislation changing estates created by marriage, see Illinois case of *McNee* v. *McNeer*, 19 L. R. A., 256.