GRANT

*v.*

SUTTON.

*(Supreme Court of Appeals of Virginia, July 11, 1895.)*

[22 S. E. Rep. 490.]

**Land Held in Name of Wife to Defraud Creditor—Right to Dower.***

Where real estate is purchased by and deeded to a wife, and is successfully attacked by her husband's creditors as being in fraud of their rights, he having paid the purchase money, the husband has no seisin, actual or constructive, therein, out of which the wife can be endowed under Code 1887, § 2267.

Appeal from circuit court, Washington county; Kelly, Judge. Affirmed.

*Dan'l Trigg, Geo. W. Ward, Jr.,* and *F. T. Barr,* for appellant.

*Fulkerson, Page & Hurt,* for appellee.

KEITH, P., delivered the opinion of the court.

The case before us is the sequel to the case of Grant v. Sutton, reported in 90 Va. 773, 19 S. E. 784. When the mandate of this court was returned to the circuit court of Washington county, Martha J. Grant made a motion in the case, which, by consent of the parties, was treated as a petition, asking the court for the appointment of commissioners to assign dower to her out of the real estate mentioned in the

---

*See monographic note on "Dower" appended to Davis v. Davis, 25 Gratt. 587 (Va. Rep. Anno.).

bill.    This motion the court rejected, and Mrs. Grant has by her appeal brought the correctness of this decision before us for consideration.

It appears, by reference to the record on the former appeal, that the real estate which is the subject of this contention was purchased by Mrs. Martha J. Grant on the 14th day of March, 1882, from F. S. Finley and R. M. Page, and she was immediately placed in possession of it, and that on the 18th day of October, 1884, her vendors conveyed to her land so purchased. A bill was filed by a creditor of her husband alleging that her husband, H. M. Grant, was indebted to him in a large amount, with interest thereon from the 19th day of January, 1881, and that since said debts were contracted the said H. M. Grant had given to his wife valuable real estate in the town of Abingdon, or that he had given her the money wherewith to pay for the same.    This bill Mrs. Grant answered, denying its allegations, and upon the issues thus made proof was taken ; and the circuit court rendered a decree establishing the right of Sutton to subject the real estate mentioned in the bill to the payment of the debts due to him.    Upon an appeal from this decree it was affirmed.    We have, then, the case of a purchase of real estate made by the wife, and a deed for the same to her from her vendors, successfully attacked by her husband's creditors, claiming that he had, in fraud of their rights, paid a part of the purchase money ; but it nowhere appears that H. M. Grant was at any time, or that any one to his use was at any time, during the coverture, seised of the real estate in the bill mentioned, or of any part thereof.    See Code Va. § 2267.    And without seisin in the husband during the coverture, either actual or constructive,—that is to say, without seisin in law or seisin in fact in the husband,—there can be no right to dower in the wife.    We are, therefore, of opinion that the circuit court did not err in refusing to assign dower to the appellant, and the decree complained of should be affirmed.