## CHARLESTON

PHILIPPI PLANING MILL CO. v. CROSS *et al.*

Submitted November 24, 1914.   Decided December 15, 1914.

1. FRAUDULENT CONVEYANCES—*Property in Wife's Name—Liability for Husband's Debts—Presumption.*
   Property in name of wife subject herein to debt of husband. (p. 304).

2. PLEADING—*Set-Off and Counter Claim—Right to Set-Off—Assignment of Claim.*
   Set-offs properly disallowed. (p. 304).

3.  HUSBAND AND WIFE—*Debt of Husband—Decree.*
    Debt in this case not personal obligation of wife, and decree
    erroneous wherein it orders her to pay same jointly with husband.
    (p. 304).

Appeal from Circuit Court, Barbour County.

Suit by the Philippi Planing Mill Company and others against E. T. B. Cross and others. From a decree for plaintiffs, defendants appeal.

*Modified and Affirmed.*

*Wm. T. George,* for appellants.

*Leroy V. Holsberry,* for appellees.

·ROBINSON, JUDGE:

The decree subjects real estate held in the name of a wife ·to the payment of a debt due from the husband. Decision rests on the pleadings. No proof has been taken. The following applies and controls: "When a wife claims, in a contest against the creditors of her husband, to have purchased and improved real estate, there is a presumption against the bona fides of the transaction, which she cannot overcome except by clear and full proof that the property and improvements were paid for by her with money derived from some source other than her husband." *Miller* v. *Gillispie,* 54 W. Va. 450.

Defendant claimed set-offs against the debt due plaintiff. They were properly disallowed. A set-off the amount of which is neither pleaded nor proved could not be allowed, for reasons so apparent as to need no mention. Nor could defendant buy up a debt against the original plaintiff and make it avail as a set-off when he knew by proceedings in the cause that the original plaintiff's debt had been assigned to another and the assignment duly established by an order substituting the assignee as plaintiff.

It was error however to decree the debt due plaintiff jointly against the husband and wife. It was his debt, not hers. The property standing in her name is subject to the debt, but she is not otherwise a party to the debt. The record shows that the debt is not her personal obligation. No personal judgment on it can be taken against her. Wherein

the decree orders that she "do pay" the debt, it will here be modified by striking out that order. In all other respects the decree will be affirmed.

*Modified and Affirmed.*