## CIRCUIT COURT OF STAFFORD COUNTY

Jim Carpenter Co.

v.

Ross Brothers Builders, Inc., et al.

April 18, 1995

Case Nos. (Chancery) 91000095 and 91000098

BY JUDGE JAMES W. HALEY, JR.

In this materialman's lien proceeding involving two subdivision lots in Stafford County, the Defendants have filed twenty-one exceptions to a Commissioner's Report. Most are redundant. A rational organization shows there are only actually seven exceptions, which are addressed as follows.

(1) Defendants maintain Ross Brothers Builder's, Inc., and Plaintiff over time entered into a series of individual "informal, unilateral contracts," represented by 54 invoice tickets, and that therefore the major portion of Plaintiff's claim is time barred by the 90 day limitation of Va. Code § 43-4.

The evidence makes clear that Defendants' position is unfounded. The invoice tickets and job sheets (which the court finds were properly admitted in evidence) show allocation of specific materials to specific lots on specific dates and identified by specific account numbers. This evidence, in conjunction with the testimony of Alan Ford, Plaintiff's employee, demonstrates, as the Commissioner found, that this was a "classic open account" contract, *Addington-Beaman Lumber Co. v. Lincoln Savings and Loan*, 241 Va. 436, 439, 403 S.E.2d 688, 690 (1991), not a series of

individual unrelated contracts. In addition, there is no evidence that any of the materials supplied were "extras" or "replacement materials," *American Standard Homes Construction v. Reinecke*, 245 Va. 113, 120-121, 425 S.E.2d 515, 518 (1993), or were "correction of previous or warranty repairs," *Dominion Trust Co. v. Kenbridge Constr. Co.*, 248 Va. 393, 395, 448 S.E.2d 659, 660 (1994), or were supplied otherwise than in the normal course of business.

Accordingly, Defendants' exceptions on this point are overruled.

(2) Defendants maintain that the inclusion of "a statement declaring [lienor's] intention to claim the benefit of a lien," as required by Code § 43-4, in the affidavit recorded with the memorandum of lien, *rather than* in the memorandum itself, does not constitute substantial compliance as authorized by Code § 43-5. (It is interesting to note that a statement of the lienor's intent to claim a lien is included in neither the memorandum nor affidavit form set forth in Code § 43-5.)

Circuit court opinions cited by Defendants are not persuasive, because in each the statement declaring the lienor's intent was not included in *either* the memorandum of lien or the affidavit.

This court concludes that the inclusion of the lienor's intention to claim a lien in the affidavit attached to and recorded with the memorandum of lien constitutes substantial compliance. Thus, Defendants' exceptions on this point are overruled.

(3) Over the objection of Defendants, the Commissioner admitted into evidence photocopies of the two memoranda of lien with affidavits attached, with each certified as a "copy teste" by a deputy clerk of the circuit court. The basis of the objection was that Code § 8.01-391 permits the introduction of photocopies, but the certification must be original, not a photocopy. This objection appears well-founded, but it is not dispositive of the exception that there was a failure of proof as to the validity of the memoranda and affidavits themselves.

In his report, the Commissioner states that during the title examination he performed he scanned line by line the original recorded memoranda and affidavits in the land records and found them to be identical to the photocopies introduced, save the certification clause. Based upon this examination, the Commissioner concluded they were valid and properly recorded.

Defendants object to the Commissioner's examination of the land records on this and other points, as "not part of the record in this case."

Among the inquiries directed to the Commissioner by the Decree of Reference were the following:

> 2. Whether the Memorandum of Mechanic's Lien was properly filed, recorded, and instituted? . . . .
>
> 5. The commissioner shall further report such other matters as may be germane to the issues raised by the pleadings and requested by the parties to this suit, their counsel, *or the Commissioner* . . . . [Emphasis supplied.]

This exception, that is, an objection to a Commissioner in Chancery examining the land records of the Circuit Court in execution of his duties in responding to a Decree of Reference, is unique to this court. It has been the experience of this court that Commissioners historically and routinely examine land records in chancery matters referred to them, such as partition suits, creditor's bills, and related matters. But that experience does not constitute the law.

In *Lile's Equity Pleading and Practice*, § 6, p. 3 (3d ed. 1952), the commentator, Edwin B. Meade, states that: "The chief function of the . . . commissioner . . . is as . . . the *investigator* of special matters of fact involved in litigation before the court . . . and in creditor's suits, the *ascertainment of liens and their priorities*." (Emphasis supplied.)

In *Barton's Chancery Practice*, vol. 1, ch. 32, n. 2, pp. 716-717 (3d ed. 1926), Robert T. Barton, Jr., cites 4 Minor, *Institutes*, part 2, p. 1472, for the proposition that a commissioner is "the agency employed by the court of chancery to adjust and settle accounts, and also to make other complex inquiries."

In *Atkinson v. Solenberger*, 112 Va. 667, 669, 72 S.E. 727, 729 (1910), the Supreme Court of Appeals stated:

> The general direction found in the decree that the commissioner shall report any other matter deemed pertinent *by himself* or required by any party in interest does not warrant departure from the rule of practice adverted to, but it is merely incidental to the questions specifically raised [emphasis supplied].

Finally, Rule of Court 2:18(b) authorizes a Commissioner in Chancery to "*require* the production before him of evidence of all matters embraced in the decree of reference, including the production of all . . . documents and writings applicable thereto . . . ." [Emphasis supplied.]

From the foregoing this court concludes that a Commissioner in Chancery on his own initiative may examine the land records of the appropriate Circuit Court, providing that the evidence so disclosed is relative to and reasonably encompassed within the Court directed inquiries contained in the Decree of Reference to which the Commissioner has been ordered to respond. In this case it is obvious that the Commissioner's examination of the memoranda and affidavits of lien in the Clerk's Office were well within these parameters. Accordingly, even if the Commissioner improperly admitted the photocopies in evidence, any error in so doing was rendered harmless by the Commissioner's subsequent examination of the land records themselves. Defendants' exceptions addressed to this point are overruled.

(4) Defendants maintain the trustees and beneficiary of an antecedent credit line deed of trust encumbering Lot 54 are necessary parties not joined. *Mendenhall v. Cooper*, 239 Va. 71, 387 S.E.2d 468 (1990).

The purpose of requiring joinder of trustees and beneficiaries is because "no person may be deprived of his property without due process of law. One of the essentials of due process is notice." *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 47, 348 S.E.2d 223, 226 (1986).

A party is necessary because a party has an interest in property. In the hearing before the Commissioner David Dehnke, a proper representative of the beneficiary testified that the credit line deed of trust note had in fact been paid off well prior to the institution of the instant proceedings, that the credit line deed of trust had not been timely released of record by misadventure, that on the date of the hearing it had been released of record, and that the trustees and beneficiary had no interest in the property when the suit was filed.

Once the underlying credit line deed of trust note was paid, regardless of whether or not the credit line deed of trust had been released of record, the trustees and beneficiary had no interest in the property. Accordingly, they were not necessary parties.

In conjunction with this exception, Defendants further object to the Commissioner's examination of the credit line deed of trust and certificate of satisfaction among the land records. That objection has been dealt with above. Defendants' exceptions covering this matter are overruled.

(5) Defendants except to the Commissioner's finding of fact that Defendants are liable for contract interest, as opposed to the legal rate or for any interest.

The uncontradicted testimony of Plaintiff's witnesses, Alan Ford and Tom Mayo, the 1983 credit application (which was properly admitted into evidence), and the invoice tickets support the Commissioner's factual finding that Kenneth Ross was authorized to and did bind Ross Brothers Builders, Inc., to pay the 18% contract rate on unpaid balances over thirty days old. *American Standard Homes Construction v. Reinecke, supra.* Again the Defendants object to the Commissioner's examination of corporate resolutions of Ross Brothers Builders, Inc., recorded among the land records. This objection has been dealt with above. Moreover, the court notes that the evidence, independently of examination of the land records, suffices to support the Commissioner's conclusion. Defendants exception is overruled.

(6) Defendants except to the admission of an appraisal report in evidence, on the grounds it was not timely produced during discovery. The admission of evidence is within the sound discretion of the Commissioner and his discretion was not abused in this instance. Indeed, the court considers this exception frivolous, as the Defendants note in their brief: "the parties stipulated to the value of the properties in question . . . ." (Defendant's Brief, pp. 6-7.) This exception is overruled.

Defendant's further except to the inclusion of the cost of the appraisal as a cost of the proceeding. This exception is sustained, and the cost of the appraisal will be borne by the Plaintiff.

(7) Defendants except to the Commissioner's "implied finding that the Defendants should bear any of the costs of this matter." An award of costs is addressed to the discretion of the court. The Plaintiff in this cause has substantially prevailed. The cost of the court reporter, the cost of the limited title exam, and the Commissioner's fee of $3,685.00 are each approved. These costs (subject to pre-paid credits) are to be evenly divided by Plaintiff and Defendants and are to be paid within thirty days of the entry of a final decree in this cause.

In *Jarvis v. Tonkin*, 238 Va. 115, 121-122, 300 S.E.2d 900, 904 (1989), the Supreme Court stated:

> We recently restated the principles governing our review of a chancellor's decree which has set aside a commissioner's report.
> "While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, *it should be sustained unless the trial court concludes that the commis-*

*sioner's findings are not supported by the evidence.* This rule applies with a particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . [W]here the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor to see, hear, and evaluate the witnesses at first hand."

*Morris v. United Virginia Bank,* 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989) (citations omitted) (emphasis added) (quoting *Hill v. Hill,* 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984)); *accord Sprott v. Sprott,* 233 Va. 238, 240, 355 S.E.2d 881, 882 (1987).

Because the commissioner's report was supported by the evidence, the chancellor erred in setting it aside. [Emphasis in original].